**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC EUGENE SMITH, | No. 18-15177 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-06203-YGR |
| v. | |
| TIMOTHY W. FRIEDERICHS, Dr.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

California state prisoner Eric Eugene Smith appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation and medical negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2010), and affirm.

The district court properly granted summary judgment on Smith's deliberate indifference claim because Smith neither exhausted his administrative remedies nor raised a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing the limited circumstances under which administrative remedies are deemed unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (internal quotation marks and emphasis omitted)).

We do not consider Smith's contentions and evidence concerning an attempt to grieve his medical treatment, which he presents for the first time on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998-99 (9th Cir. 2012).

Smith has waived any challenge to the remaining aspects of the district court's ruling because he did not argue them in his opening brief. *See Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in a pro se appellant's opening brief are waived).

**AFFIRMED.**

18-15177